Louis Pechman (Bar No. 035931983)
Vivianna Morales (Bar No. 070652013)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff and the
Putative FLSA Collective*

UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

------------------------------------------------------------X
ROSALIO URIBE, on behalf of himself and all
others similarly situated,

                     Plaintiff,

   -against-                                     **COMPLAINT**

MATTHEWS DINER, INC. d/b/a MATTHEWS
DINER AND PANCAKE HOUSE and SAM      **COLLECTIVE ACTION**
MATTHEWS,

                     Defendants.
------------------------------------------------------------X

Plaintiff Rosalio Uribe ("Uribe" or "Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Matthews Diner, Inc. d/b/a Matthews Diner and Pancake House ("Matthews Diner") and Sam Matthews (collectively, "Defendants") alleges:

## NATURE OF THE COMPLAINT

1. Uribe worked at Matthews Diner as a dishwasher and preparation cook since 2010. During the eight years he was employed by Defendants, Uribe was paid a fixed weekly salary that fell below the statutory minimum wage. In addition, Uribe regularly worked over forty hours per workweek and because he was paid a fixed amount each week, he was not compensated for overtime hours worked.

2. Uribe brings this action to recover unpaid minimum and overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Matthews Diner is located in the District of New Jersey.

## THE PARTIES

**Plaintiff**

5. Uribe resides in Bergen County, New Jersey.

6. Defendants employed Uribe as a dishwasher and preparation cook from in or about 2010 through July 3, 2018.

**Defendant Matthews Diner, Inc.**

7. Defendant Matthews Diner, Inc. is a New Jersey corporation that owns and operates Matthews Diner & Pancake House, which is located at 430 South Washington Avenue, Bergenfield, New Jersey 07621, and at all relevant times has been an employer within the meaning of the FLSA and NJWHL.

8. Matthews Diner, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

2

9. Matthews Diner, Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Within the three years prior to the filing of this Complaint, Matthews Diner, Inc. had an annual gross volume of sales in excess of $500,000.

**Defendant Sam Matthews**

11. Defendant Sam Matthews owns and operates Matthews Diner.

12. Sam Matthews is listed as the registered agent for Matthews Diner, Inc. on its certificate of incorporation.

13. Throughout Uribe's employment, Sam Matthews had and exercised power and authority over personnel decisions at Matthews Diner, including the hiring and firing of employees, and directing the manner in which employees performed their daily duties and assignments.

14. Sam Matthews established and implemented the work and pay practices and scheduling policies at Matthews Diner.

15. For example, Sam Matthews is regularly present in the business, running day-to-day operations.

16. On July 3, 2018, Sam Matthews terminated Uribe.

17. A May 29, 2017 article in the Daily Voice states that "[f]or the last 20 years, Matthews Diner has been owned and operated by Sam, son of Stanley Matthews." https://bergenfield.dailyvoice.com/business/pancakes-anyone-matthews-diner-sees-50-years-in-bergenfield/711736/

18. Sam Matthews exercises sufficient control over the operations of Matthews Diner to be considered Uribe's employer under the FLSA and NJWHL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Matthews Diner is regularly open seven days a week, on Monday through Thursday from 6:00 a.m. to 12:30 a.m., and Friday through Sunday from 6:00 a.m. to 1:30 a.m.

20. Uribe worked for Matthews Diner as a dishwasher, but also prepared and cut vegetables, prepared food packages for delivery, and performed other kitchen tasks as needed.

21. Throughout his employment, Uribe worked a six-day schedule: Tuesday through Sunday, from approximately 7:00 a.m. to approximately 4:00 p.m. each day, for approximately 54 hours per workweek.

22. Throughout his employment, there was no time keeping system maintained at Matthew's Diner, and Uribe was not required to record his weekly hours for Defendants.

23. Throughout his employment, Defendants paid Uribe a fixed weekly salary of $300.00 per week.

24. Throughout his employment, Defendants failed to pay Uribe the statutory minimum wage.

25. Throughout his employment, Uribe reguarly worked in excess of forty hours per workweek but was not compensated at time and one-half the statutory minimum wage for hours worked over forty.

26. Throughout his employment, Defendants paid Uribe his wages in cash.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of himself and on behalf of other kitchen employees, cooks, food preparers,

4

dishwashers and all other non-exempt kitchen employees) (the "Kitchen Workers") of Matthews Diner who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately twenty similarly situated current and former Kitchen Workers of Matthews Diner, who, over the last three years have been victims of Defendants' common policy and practices that have violated the employees' rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages due under the FLSA.

29. Defendants apply the same employment policies, practices, and procedures to all non-exempt employees. This policy and pattern or practice includes, *inter alia,* failing to pay Plaintiff and the FLSA Collective minimum wages and overtime pay for all hours worked in excess of forty per week.

30. Defendants have engaged in this unlawful conduct pursuant to a policy, plan, or practice of minimizing labor costs and denying employees compensation by failing to compensate Plaintiff and the FLSA collective for all hours they have worked.

31. Defendants are aware or should have been aware that federal law required them to pay the FLSA Collective minimum wages for all house worked as well as overtime premiums for all hours worked in excess of forty per workweek.

32. Plaintiff and the FLSA Collective performed the same primary duties.

33. Defendants' unlawful conduct has been widespread, repeated, and consistent.

34. There are many similarly situated current and former Kitchen Workers who have been denied overtime compensation in violation of the FLSA, who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

35. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Minimum Wage

36. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

37. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

38. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff and the FLSA Collective.

39. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*. and the supporting federal regulations, apply to Defendants.

40. Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

41. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

42. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### New Jersey Wage and Hour Law – Unpaid Minimum Wage

43. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

44. Defendants are employers within the meaning of the NJWHL and supporting New Jersey State Department of Labor regulations, and employed Plaintiff and the Kitchen Workers.

45. The NJWHL requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

46. Defendants failed to pay Plaintiff and the Kitchen Workers the minimum wages to which they were entitled to under the NJWHL.

47. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Kitchen Workers the minimum hourly wage.

48. As a result of Defendants' violations of the NJWHL, Plaintiff and the Kitchen Workers who elect to opt-in to this action are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### Fair Labor Standards Act – Unpaid Overtime

49. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

50. Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et. seq.

7

51.     Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled to under the FLSA.

52.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

53.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

54.     Defendants' violations of the FLSA described above have been willful and, therefore, a three year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

55.     Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### New Jersey Wage and Hour Law – Unpaid Overtime

56.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57.     Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff and the Kitchen Workers one and one (1½) half times their regular rate of pay for all hours worked in excess of forty.

58.     Defendants have failed to pay Plaintiff and the Kitchen Workers the overtime wages to which they are entitled to under the NJWHL.

59.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Kitchen Workers overtime wages.

60. Plaintiff also brings this action pursuant to N.J.S.A. 34:11-56a25, which provides, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

61. Due to Defendants' willful violations of the NJWHL, Plaintiff and the Kitchen Workers who elect to opt-in to this action are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all cooks, food preparers, dishwashers and all other non-exempt Kitchen Workers who are presently working, or who have worked, at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at Matthews Diner. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Designation of Plaintiff as representative of the FLSA Collective;

C. Designation of counsel as counsel of the FLSA Collective;

D. Award unpaid minimum and overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Award unpaid minimum and overtime wages, pursuant to N.J.S.A. § 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations;

F. Award pre- and post-judgment interest;

G. Award reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
August 8, 2018

PECHMAN LAW GROUP PLLC

By: /s/ Louis Pechman
Louis Pechman
Vivianna Morales
Catalina Cadavid
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective*